*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-191

DECEMBER TERM, 2016

| | |
|---|---|
| In re L.L., Juvenile } | APPEALED FROM: |

} Superior Court, Chittenden Unit,
} Family Division

} DOCKET NO. 83-3-16 Cnjv

Trial Judge: Thomas J. Devine

In the above-entitled cause, the Clerk will enter:

Parents appeal the court's order adjudicating L.L. a child in need of care or supervision (CHINS). On appeal, parents argue that the facts do not support the court's finding that L.L. was without proper parental care at the time the CHINS was filed. We affirm.

The court found the following facts. Mother suffered terrible abuse and trauma as a child. She was in the custody of the Department for Children and Families (DCF) for a period as a minor. She has post-traumatic stress disorder (PTSD) and anxiety. She was in several abusive relationships and the victim of domestic violence. Mother had two prior children, who were removed from her care due to mother's mental health issues, among other concerns. Mother eventually relinquished her parental rights to one child in June 2011; the court terminated her rights to the second child in May 2015.

DCF received a report in February 2016 that mother was pregnant. When asked by a social worker, mother falsely reported that she had miscarried. L.L. was born in March 2016 and the State filed a CHINS petition the day after her birth. Parents contested the petition. The court held a contested hearing at which mother's therapist testified. The court found that although mother is participating in therapy and has stable housing, she continues to lack insight into the reasons for the removal of her older children and there remained concerns about her ability to parent. The court found that the prior termination cases "hinged on mother's inability to show progress in the development of parenting skills despite participating in extended services over the course of two case plans." Mother did not attend visits regularly and was resistant to the feedback from family time coaching services, failing to understand the child's cues. Therefore, the court concluded that the evidence supported a finding that L.L. was without proper parental care. Parents filed a notice of appeal.

A CHINS determination can be supported by evidence that a child "is without proper parental care or subsistence, education, medical, or other care necessary for his or her well-being." 33 V.S.A. § 5102(3)(B). On appeal from a CHINS order, this Court will uphold "the court's factual findings unless clearly erroneous and the court's legal conclusions when supported by those findings." In re D.D., 2013 VT 79, ¶ 34, 194 Vt. 508.

The focus of a CHINS proceeding is the welfare of the child. Therefore, the State is not required to show that a child has suffered actual harm; a risk of harm to the child is sufficient. See In re L.M., 2014 VT 17, ¶ 29, 195 Vt. 637 (noting that State did not "need to establish actual harm" to show that child was CHINS). In determining whether a child is at risk of harm, the court may rely on evidence of a sibling's treatment under the parent's care. In re J.J.P., 168 Vt. 143, 148 (1998) ("The court may rely on evidence of a parent's treatment of siblings to show a pattern of abuse and neglect, and a general inability to protect children from harm.").

On appeal, parents argue that mother's history with her other children and the evidence about her mental status was not current and that the evidence did not support that mother currently lacked the ability to care for L.L.

We conclude that the CHINS adjudicated was supported by current evidence. The court's findings indicate that it properly considered the current risk of harm to L.L. by evaluating not only the evidence concerning L.L.'s half siblings but also mother's progress since then. As the court found, mother has significant mental health issues, which were prominent reasons mother's two older children were adjudicated CHINS. The two main components of mother's case plan related to her second child were to continue therapy and to engage in family time coaching to address her mental health issues and to improve her parenting skills. Mother failed to engage successfully in family time coaching and did not show progress in developing her parenting skills. The trial court heard testimony from mother's DCF social worker and from mother's therapist about mother's progress since her rights to that child were terminated in May 2015. The court found that although mother was participating in therapy, her progress was not as great as perceived by mother's therapist insofar as the therapist's impression was based entirely on mother's own self-reporting, which did not accurately chronical mother's history with her two prior children. While mother appears to disagree with the court's determination on this point, it was up to the family court as factfinder to weigh the evidence. In re M.L., 2010 VT 5, ¶ 8, 187 Vt. 291. Based on the short time since the termination of mother's rights to her second child, the lack of evidence that mother had pursued further parenting programs since then, and mother's lack of responsibility or insight about the reasons for the removal of her children from her care, the court concluded that mother lacked proper parenting skills to parent L.L. safely. The evidence supports the court's findings, which in turn support the court's conclusion that L.L. was CHINS.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice